ROBERT EUGENE ROJAS #5307526
651 "I" ST
SACRAMENTO, CA. 95814
ATTORNEY FOR THE PLAINTIFF
IN PROPRIA PERSONA

FILED
JUL 14 2022
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT EUGENE ROJAS,
   PLAINTIFF,
V.
COUNTY OF SACRAMENTO
   DEFENDANT.

CASE No. 2:22CV 1244 JDP (PC)

COMPLAINT FOR INJUCTIVE AND DECLARATORY RELIEF
MONETARY VALUE AND PUNATIVE DAMAGES

## NATURE OF THE ACTION

1. This action arises out of Defendant's unconstitutional and illegal treatment of Plaintiff Robert Eugene Rojas who is incarcerated in the Sacramento County Main Jail ("Main Jail"). Defendant has created and perpetuated a cruel or unusual Rule Violation Report process ("RVR") process that subjects Plaintiff to dangerous, inhumane, degrading conditions and the deprivement of due process.

2. Defendant regularly subjects Plaintiff in its custody — whom has not been convicted of no crime — to harsh, prolonged and undue disciplinary methods and isolation for Rule violations that hold no penological interests.

Page ___ of ___

3. Defendant has subjected Plaintiff to a disciplinary method called "Full Restriction" and "disciplinary segregation" which includes (1) phone restriction, (2) tablet restriction, (3) commissary and package restriction (4) disciplinary Dayroom, and (5) segregation in solitary confinement.

4. Defendant has subjected Plaintiff to extreme prolonged, undue isolation by the use of disciplinary Dayroom. Plaintiff is subjected to only 30-minutes of out-of cell dayroom at odd hours. Defendant is only allowed out-of cell Dayroom for 30-minutes or less between 6:00 am. to 7:00 am. or 10:30 pm. while everyone else is asleep. To further the isolation, Defendant restricts Plaintiff from going on to the top tier to communicated with individuals and Defendant orders inmate workers not to communicate with Plaintiff or they will be fired.

5. Defendant has locked Plaintiff in solitary confinement in a dark, cramped, filthy cell for 23 1/2 hours or more per day. While Plaintiff is held in isolation, and disciplinary segregation, Defendant deprives him of human contact, programming, fresh air and sunlight. Plaintiff is restricted visitation and phone access to call his mother or wife, nor his family. Plaintiff is restricted access to the community, and Defendant restricts, confiscates, withholds, tampers, delays, destroys, and disposes Plaintiff's emails, personal mail, and legal mail. Plaintiff further, does not get to go outside, to see the sun, exercise, or take a shower and shave for weeks or months at a time. The extreme isolation a deprivation

Page ___ of ___

1  place Plaintiff at Risk of profound physical and psychological
2  harm.
3      6.    Plaintiff has been detained at the Sacramento
4  County Main Jail for little over a year, out of that time
5  Defendant has locked him away in isolation and disciplinary
6  segregation for little over 9-months. Defendant has
7  subjected him to full Restriction and disciplinary dayroom
8  for 9-months also. With no access to educational
9  services, Rehabilitation programs, or Pre-Release Planning.
10 Based on his disciplinary history Defendant has also
11 denied him to be an inmate worker to earn work time credits.
12     7.    Defendant has issued and charged Plaintiff
13 with over 20 RVR's. During each RVR process Defendant
14 denied Plaintiff a Staff assistant to help him plan and prepare
15 and present a Defense at the hearing, and a investigating
16 employee to assist him in gathering evidence and interviewing
17 witnesses significant to his guilt or innocents at the
18 hearing. Plaintiff has a serious mental disorder that effects
19 his ability to prepare and present a defense and fully
20 understand the RVR process. Because of his housing status Plaintiff
21 is not able to gather and present evidence or interview witnesses.
22     8.    At each RVR hearing Plaintiff was charged with
23 a Rule violation but denied a defense to challenge the RVR.
24 When Plaintiff requested to produce evidence, review the
25 camera footage or call witnesses he was denied. Defendant
26 Refused to conduct adequate face to face mental health
27 assessments to mitigate RVRs if mental health influenced or
28 contributed to the RVR and Recommend alternatives to

Page ___ of ___

1  methods instead of disciplines. Defendant holds hearings
2  that last 3-5 minutes and finds Plaintiff guilty of RVR's.
3  Defendant imposes disciplinary sentences before mental health
4  staff review RVR's and conduct mental health assessments
5  for mitigation. Defendant fails to provide final copies of RVR
6  hearing results and mental health assessments to provide
7  Plaintiff reasonable, sufficient, and adequate opportunity to
8  challenge RVR's. Defendant further denies copies of incident
9  Reports.
10      9.   After a 3-5 minute hearing Defendant
11  imposes extreme disciplinary methods. Although
12  Plaintiff is classified as Ad-Seg 2 and entitled to 2-hours
13  of Dayroom Defendant denies Plaintiff the right to
14  group up with other inmates or to recieve 2-hours of out-of
15  cell Dayroom. Defendant repeatedly denies Plaintiff's
16  requests to group up with other individuals, or conducts
17  frivolous or malicious transfers of individuals he
18  requests to group up with. On other occasions Defendant
19  has instructed other inmates not to group up with
20  him or instructed other inmates to pass along false rumors and
21  allegations to individuals to cause them not to group
22  up with Plaintiff. This retaliitory action allows Defendant
23  to keep Plaintiff on disciplinary dayroom and continue
24  it's vicious cycle of 30 minutes out-of cell dayroom and extreme isolation.
25
26              JURISDICTION
27      10.  The claims alleged herein arise pursuant to 42 U.S.C.
28  §1983 and the First, Eighth, and Fourteenth Amendments

Page ___ of ___

1. to the United States Constitution, the American with disability
2. Act, 42 U.S.C. §12101 et seq., and section 504 of the Rehabilitation
3. Act, 29 U.S.C. §794.6 and related state law.
4.     11. Jurisdiction of this court is invoked pursuant to
5. 28 U.S.C. §§ 1331, 1343, and 1367. Plaintiff seeks declaratory
6. and injuctive relief under 28 USC §§1343, 2201, and 2202; and U.S.C.
7. 1983, 12117 (a); and California Government Code, §11135.
8.     12. Venue is properly in this court, pursuant to 28
9. U.S.C. §1391 (b)(1), because Plaintiff claims for relief arose
10. in this District and one or more of the Defendant's reside in this District.
11. 
12.                     PARTIES
13. PLAINTIFF
14.     13. PLAINTIFF, Robert Eugene Rojas is a Pretrial
15. detainee with a serious mental illness. Mr. Rojas entered
16. into a plea agreement on May ___, 2022 for 32~ months and is
17. awaiting sentencing in which he would be credited
18. time served on October 18, 2022. Although Plaintiff has a pre-
19. determined existing release date he has been denied
20. Pre-Release Planning and Reunification with family he has
21. been restricted access to contact or communicate with
22. for over 9 months. Plaintiff has been detained at the Main Jail
23. for over a year, throughout that time Defendant has
24. placed him in solitary confinement for the entire period of
25. his incarceration. For 9 long months Defendant has
26. placed Plaintiff in disciplinary segregation on full restriction
27. and disciplinary dayroom, restricting visitation, phones
28. commissary/store, tablets, and limiting him to 30 minutes

1. of Dayroom inconsistent with his classification as Ad-Seg 2.
2. Throughout his time in solitary confinement on full
3. disciplinary restriction in disciplinary segregation, he has
4. suffered worsening depression, extreme grief and
5. overwhelming anxiety, panic, paranoia, fear, flashbacks
6. nightmares, insomnia, helplessness, hopelessness,
7. flashback precipitated traumatic events and has engaged
8. in self mutilation and attempted suicide. Defendant
9. has failed to provide adequate mental health care, or adequate
10. face to face mental health assessments to mitigate RVR's
11.     Mr. Rojas has a history of suicidal ideations and suicide
12. attempts. Although Defendant has classified Plaintiff
13. as Ad-Seg 2 Defendant has excercized various retalliation
14. tactics to prohibit Plaintiff from grouping up with other
15. individuals, such as (1) denying inmates who agreed to group
16. up with him, transferring inmates frivolously that agreed
17. to group up with him and instructing inmates not to group up
18. with him or to pass false rumors and lies to discourage
19. inmates from grouping up with him. Defendant has placed
20. Plaintiff in disciplinar segregation on disciplinary Dayroom
21. which is the equivalent to total "seperation" meaning
22. his is placed in solitary confinement with essentially no human
23. contact and almost complete isolation. Defendant has
24. given little to no regard to Plaintiff's mental stability, which
25. consequently has resulted in Plaintiff decompensating
26. and engaging in self mutilation and attempting suicide.
27. Plaintiff Rojas is a person with a disability as
28. defined in 42 U.S.C. § 12102, 29 U.S.C. § 705 (9)(B), and

Page ___ of ___

California Government Code, §12926 (j) and (m).

DEFENDANTS

14. Defendant COUNTY OF SACRAMENTO ("County" or "Sacramento County") is a public entity, duly organized and existing under the laws of the State of California. Under this authority, Defendant County operates and manages two jails: The main jail, located in downtown Sacramento and the Rio Consumnes Correctional Center, located in a rural area of Elk Grove. The County has at all times been responsible for the actions and (or) inactions and the policies, procedures, practices, and customs of the Sacramento County Sheriff's Department.

15. Defendant is responsible for ensuring that the basic human needs of individuals in it's custody are met, and for ensuring that individuals are not at risk of serious harm, including providing appropriate funding, oversight, and corrective action to ensure adequate conditions. Defendant is also responsible for ensuring that jail policies and practices do not violate individuals substantive and procedural rights or discriminate against individuals with disabilities. Defendant is responsible for the creation and implementation of jail rules and imposition of the RVR process.

16. Jail Psyche Service (JPS), UC Davis is a public entity, duly organized and existing under the law of the State of California. Under this authority, Defendant operates and manages psychiatric services at the main jail under contract with the county. JPS is located at the main

Page ___ of ___

Jail, located in downtown Sacramento, and Rio Consumnes Correctional Center, located in a rural area of Elk Grove JPS', UC Davis has at all times been responsible for the actions and (or) inactions and the policies, procedures, practices and customs of the Jail Psyche Services.

17. Defendant is responsible for ensuring that the basic human needs of individuals in its care are met and ensuring that individuals are not at risk for decompensation or serious harm, including by providing appropriate funding, oversight and corrective action to ensure adequate mental health services are provided. Defendant is responsible for ensuring JPS policies, and practices do not violate individuals substantive and procedural rights, or discriminate against individuals with disabilities. Defendant is further responsible for mental assessments throughout the RVR process.

## FACTUAL ALLEGATIONS

### I. DEFENDANT DANGEROUSLY USES AN EXCESSIV RVR PROCESS

18. Defendant abuses it's RVR process by excessively imposing undue punitive disciplines at a high rate when alternative methods exist. The disciplinary sanctions are extreme and are often imposed for minor rule violations that hold no periological interest. (Rules attached as exhibit A)

19. Defendant imposes a disciplinary mechanism called full restriction and disciplinary segregation. Full restriction consists of (1) Phone Restriction, (2) Tablet Restriction, (3) Visitation Restriction, (4) Package and Commissary Restriction, while disciplinary segregation

Page ___ of ___

consists of little to know human contact. Individuals subject to disciplinary segregation are subject to disciplinary Dayroom. Disciplinary Dayroom consists of 30 minutes of out-of-cell Dayroom alone. During this time individuals are not allowed to go onto the top teir to interact with other individuals. The lights and TV are turned off and inmate workers are told not to interact with the individual on discipline. Individuals are let out for Disciplinary Dayroom at odd times, Regularly at either 10:30 pm or 11:00 pm or between 6:00 am to 7:00 am, during non business hours when Defendant knows everyone is asleep.

   A. Defendant Subjects People In It's Custody To Serious Risk Of Psychological Harm, Decomperation Or Even Death

20. Defendant gives little to no regard to the psychological and emotional damage it's RVR process has on individuals and their families. Defendant fails to mitigate disciplinary sanctions or take into account a individuals mental disorder and how it may have influenced or contributed to the behavior leading up to the RVR. Defendant fails to consider how disciplinary sanctions may cause a individual to decompensate.

21. Mr. Rojas has been subjected to full Restriction, Disciplinary Segregation, and Disciplinary Dayroom since January 2022 (approximately 7 months) with an end date of September 2022 (which would be a full complete 10 Months). During this time Defendant has

Page ___ of ___

restricted Mr. Rojas access to the phone, commissary/packages, visitation, and tablets. Mr. Rojas is only allowed to come out for Disciplinary Dayroom alone for 30 minutes or less in a dark Dayroom while everyone is asleep and the TV is turned off. Defendant prohibits Mr. Rojas from going onto the Top Tier and instructs inmate workers from any interaction with Mr. Rojas.

22. To further the isolation Mr. Rojas is not allowed to contact or recieve visitation from family or his wife. To cope with the Psychological pain his family and wife push Mr. Rojas away and distance themselves.

23. Mr. Rojas is high risk for Recidicism but Defendant has denied him Pre-Release Planning, educational services and Rehabilitation Programs. Although Mr. Rojas is scheduled for Time served on October 18, 2022.

24. Mr. Rojas has decompensated due to the extreme undue disciplinary sanctions and isolation regularly cycling in and out of Suicide Precaution units and Intensive Outpatient Program ("IOP"). On numerous occasions Mr. Rojas has engaged in self mutilation and attempted Suicide.

**B. Defendant Denies Individuals Due Process Throughout the RVR Process**

25. Defendant has denied Mr. Rojas a staff assistant to assist Mr. Rojas in preparing and presenting a defense and a investigative employee. Mr. Rojas has a serious mental disorder and needs assistants in the

preparation of a defense for institutional RVR's. Due to Mr. Rojas housing location, coupled with the extreme isolation he is not able to gather evidence or interview witnesses.

26. Mr. Rojas has a serious mental disorder that affects his behavior and often leads to RVR's. Mr. Rojas has expressed difficulty controlling himself and being triggered by the negative actions and misconduct by jail staff and has requested a face to face mental health assessment. Defendant has denied Mr. Rojas a face to face mental health assessment to express what thoughts were going through his head at the time of the RVR, before, and after and what emotions he experienced or moods.

27. Defendant has refused to mitigate RVR's due to mental illness or recommend against disciplinary sanctions that may lead to decompensation often allowing Mr. Rojas to decompensate.

28. Defendant has failed to provide the final results to RVR's and mental health assessments to allow Mr. Rojas an opportunity to adequately challenge RVR's. Defendant often holds a 3-5 minute RVR hearing with a predetermination of guilt and finds Mr. Rojas guilty of the rule violation without allowing him to present no defense, present no evidence, or call any witnesses.

Page ___ of ___